UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GISTARVE RUFFIN, JR.,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Respondents. | Case No. 3:12-cv-00459-MMD-WGC<br><br>ORDER |

Gistarve Ruffin, Jr., a paroled prisoner residing in Reno, Nevada, has filed a *pro se* amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (dkt. no. 10), which the Court granted leave to file (dkt. no. 13). Respondents have filed a Motion to Dismiss the Petition (dkt. no. 13), which has been fully briefed. The Motion seeks dismissal on the grounds that the petition: (1) is second or successive and filed without leave of the Ninth Circuit Court of Appeals; (2) is untimely; and (3) contains claims that are either procedurally defaulted or unexhausted. For the reasons discussed below, the Motion will be granted.

**I.    PROCEDURAL BACKGROUND**

   **A.    Direct Appeal**

Petitioner was convicted by a jury on a felony charge of burglary and a gross misdemeanor charge of possession of burglary tools. Exh. 20.[1] He was subsequently adjudicated to be a habitual criminal. He was sentenced to serve ten years on the

---

[1] The exhibits referenced in this order were submitted by respondents in support of the Motion to Dismiss and are found in the Court's record at dkt. nos. 14-26.

burglary charge with a concurrent one-year term for the gross misdemeanor along with a consecutive sentence of life with the possibility of parole on the habitual criminal finding. The Judgment of Conviction was entered on August 9, 1994. Exh. 36.

Petitioner appealed the convictions. Exh. 37. The Nevada Supreme Court found an error in the district court's sentence, noting that the separate sentence for the crime and the habitual criminal adjudication was improper. Exh. 50. The trial court was ordered to amend the judgment to provide petitioner with a sentence of life with the possibility of parole on the burglary count with a concurrent one-year sentence on the possession of burglary tools count. *Id.* Remittitur issued on January 9, 1996. The amended Judgment of Conviction was entered on January 29, 1996. Exhs. 55 (Amended Judgment of Conviction) and 57 (Corrected Amended Judgment of Conviction). Although petitioner initially appealed the amended judgment (Exh. 56), he later voluntarily withdrew the appeal. Exh. 60.

**B.    State Post-Conviction Proceedings**

1.    *Habeas*

Petitioner filed his first state post-conviction petition on December 17, 1996. Exh. 61. The trial court dismissed the petition on a technicality.[2] Exh. 74. On March 9, 1998, petitioner filed a corrected state petition. Exh. 79. This petition was dismissed as untimely on March 13, 1998. Exh. 81. On November 18, 1998, petitioner filed a third state post-conviction petition. Exh. 98. Counsel was appointed and a supplemental petition was filed on March 25, 2000. Exh. 107. Certain claims of the petition were denied by the court and an evidentiary hearing on others was set. Exh. 115. Following the hearing, all remaining claims were denied. *See* Exhs. 118 and 121.

This dismissal was appealed to the Nevada Supreme Court, who affirmed on procedural and substantive grounds, finding the claims lacked merit. Exhs. 122 and 134. That decision was issued on August 23, 2002.

---

[2]The court erroneously dismissed the petition for failing to include a complete trial transcript along with the petition. *See* Exh. 186.

2

On November 29, 2007, petitioner appealed the dismissal of his original 1996 state habeas petition. Exh. 166. Because the court clerk had never served petitioner with notice of the entry of the order dismissing his petition, the Nevada Supreme Court determined the appeal was timely. Exh. 185. The court determined the dismissal by the district court due to a lack of accompanying trial transcripts was in error and remanded it for further proceedings. *Id.* Those proceedings concluded in the state district court on February 5, 2009 (Exh. 190), and the Nevada Supreme Court affirmed the denial on May 9, 2011. Exh. 220. Remittur issued on June 3, 2011. Exh. 221.

### 2.   *Motions to Correct Illegal Sentence*

In March of 2007, petitioner filed a motion to correct an illegal sentence, which was denied by the state district court. Exhs. 146 and 150. On appeal, the Nevada Supreme Court affirmed the denial, but required the district court to amend the Judgment of Conviction once more to reflect petitioner's habitual criminal status. Exh. 163. On September 18, 2007, the Second Amended Judgment of Conviction was entered. Exh. 164. Remittitur issued on January 2, 2008. Exh. 174.

Nine months later, on September 12, 2008, petitioner filed a motion to correct the "unlawfully amended judgment." Exh. 179. Thereafter, a Third Amended Judgment of Conviction was entered. Exh. 180. Petitioner appealed this judgment. On December 30, 2008, the Nevada Supreme Court dismissed the appeal, finding a lack of jurisdiction because petitioner had not demonstrated that he had been aggrieved by the amendment. Exh. 186.

### C.   **Federal Habeas**

Petitioner has filed two earlier petitions for habeas relief in this Court. In 2003, petitioner initiated case number 3:03-cv-00511-LRH-VPC, Ruffin v. Helling. The petition was dismissed as untimely on September 30, 2004. *Id.* at dkt. no. 32. The Ninth Circuit Court of Appeals affirmed the dismissal. *Id.* at dkt. no. 53.

In 2007, petitioner filed a second federal petition pursuant to 28 U.S.C. § 2254. *See* 3:07-cv-00528-LRH-RAM, *Ruffin v. Benedetti*, filed on November 6, 2007. The

1  action was also dismissed on respondents' motion. The petition was found to be
2  untimely and successive. *Id.*, at dkt nos. 10 and 15. Petitioner did not appeal this
3  dismissal. *Id.*

4  Before filing this instant action, petitioner was denied permission by the Ninth
5  Circuit Court of Appeals to bring a second or successive petition. Exh. 242.
6  Nonetheless, petitioner commenced this action by mailing or handing his § 2254 petition
7  to prison official on August 24, 2012. Dkt. no. 5. Thereafter, he sought and was granted
8  leave to file an amended petition because no response to the original petition had been
9  filed. Dkt. nos. 10 and 11.

10  **II.   DISCUSSION**

11  Respondents argue that the petition must be dismissed as second and
12  successive, that it is untimely and that certain grounds are either procedurally defaulted
13  or unexhausted. Petitioner opposes the Motion, basing his arguments on a purported
14  lack of jurisdiction for the federal court to have entertained his original two petitions
15  because, at the time he filed them, the state district court retained jurisdiction on his
16  original state habeas action. Petitioner argues the pending state petition divested any
17  other court of jurisdiction.

18  The federal courts' jurisdiction to entertain habeas petitions from state prisoners
19  is codified in 28 U.S.C. § 2254, which provides that "[t]he Supreme Court, a Justice
20  thereof, a circuit judge, or a district court shall entertain an application for a writ of
21  habeas corpus in behalf of a person in custody pursuant to the judgment of a State
22  court only on the ground that he is in custody in violation of the Constitution or laws or
23  treaties of the United States." In *Fay v. Noia*, the United States Supreme Court
24  assumed that Congress intended the jurisdiction of United States District Courts to be
25  concurrent with the jurisdiction of state courts at all stages of the state criminal process.
26  372 U.S. 391 (1963) (overruled in part by *Wainwright v. Sykes,* 433 U.S. 72 (1977));
27  *abrogated by Coleman v. Thompson,* 501 U.S. 722 (1991). Additionally, while it is the
28  federal policy to avoid interference in pending state court actions "except under special

1  circumstances," 28 U.S.C. § 2283, the policy is based on the interests of comity, not
2  due to a lack of jurisdiction in the federal courts. *Younger v. Harris,* 401 U.S. 37, 44,
3  (1971); *but see Ex parte Young,* 209 U.S. 123 (1908) (holding that when absolutely
4  necessary for protection of constitutional rights, courts of the United States have power
5  to enjoin state officers from instituting criminal action); *see also Brown v. Board of Bar
6  Examiners of State of Nev.*, 623 F.2d 605, 609-10 (9th Cir. 1980) ("federal district courts
7  may assert jurisdiction under § 1343 to ensure that generally applicable rules or
8  procedures do not impinge on constitutionally protected rights").

9  Thus, the federal court cannot be divested of jurisdiction to hear a § 2254 petition
10 merely because a similar action is proceeding in the state court.  Moreover, the practice
11 in federal court to stay an action on a habeas petition pending completion of the state
12 court proceedings is done in consideration of the concepts of comity, not for lack of
13 jurisdiction to proceed.  It is a postponement, not a relinquishing, of federal habeas
14 corpus jurisdiction. *Fay*, 372 U.S. at 417-418, 83 S.Ct. 837-838.

15 Most recently, the United States Supreme Court has confirmed this jurisprudence
16 in *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).  In that case, the Supreme Court
17 recognized that a petitioner might present a protective petition to protect claims that are
18 pending in state court because he is unsure if the state petition would toll the statute of
19 limitations imposed by 28 U.S.C. § 2244(d).

20 Petitioner's state court proceedings, which continued in the state district court
21 merely because of a technical oversight on the part of the clerk of court, did not divest
22 this Court of jurisdiction to address his original and his second federal habeas petitions.
23 Petitioner's argument that his petition is not successive, second, or untimely because
24 the pendency of his state post-conviction proceedings deprived this Court of jurisdiction
25 is incorrect and misplaced.  As a result, this petition is successive and must comply with
26 the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

27 The AEDPA establishes a stringent set of procedures that a prisoner "in custody
28 pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes

to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1).  Before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A).  A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Burton v. Stewart,* 549 U.S. 147, 152-53 (2007); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664 (1996).

This is petitioner's third federal habeas action attempting to attack his 1996 conviction and habitual criminal adjudication. This Court has already found that his previous petitions were untimely and successive. He was denied leave of the Court of Appeals to file the petition in June of 2012, because he could not demonstrate that his claims had not previously been presented to the federal court and that they relied on either a new rule of constitutional law made applicable to his case or a factual predicate which could not have been discovered earlier.  Exh. 242.  As a result, the Court must dismiss the petition.  28 U.S.C. § 2244(a).

### III.     CONCLUSION

This is a successive petition and petitioner has not been granted permission to file it as required by 28 U.S.C. § 2244(a)(3).  Moreover, petitioner's argument that the petition is not successive because his previous petitions were premature and the Court lacked jurisdiction to address them is misplaced and incorrect. The motion to dismiss shall be granted.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.

*Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

IT IS THEREFORE ORDERED that the Motion to Dismiss (dkt. no. 13) is GRANTED. The petition is DISMISSED WITH PREJUDICE. No certificate of appealability shall issue. The Clerk shall enter judgment accordingly.

DATED THIS 8th day of August 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE